**YU LAN LI–JIANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

**No. 08–1001–ag.**

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

H. Raymond Fasano, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; David V. Bernal, Assistant Director; Ernesto H. Molina, Jr., Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Lan Li–Jiang, a native and citizen of the People's Republic of China, seeks review of a January 31, 2008 order of the BIA affirming the February 27, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying her applica-tions for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Lan Li–Jiang,* No. A 98 718 878 (B.I.A. Jan. 31, 2008), *aff'g* No. A 98 718 878 (Immig. Ct. N.Y. City Feb. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision minus those arguments for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Li–Jiang has failed to meaningfully challenge before this Court the agency's finding that she failed to establish past persecution, and because addressing this finding does not appear to be necessary to avoid mani-fest injustice, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

We find no error in the agency's conclu-sion that Li–Jiang failed to demonstrate a well-founded fear of persecution. The BIA appropriately noted Li–Jiang's testi-mony that she had never been informed by her father that the authorities continued to seek to arrest her in China. *See Hoxhal-lari v. Gonzales,* 468 F.3d 179, 185 (2d Cir.2006) (emphasizing that the asylum ap-plicant bears the burden of proffering evi-dence of his well-founded fear of persecu-tion). Additionally, the BIA properly found that the ability of Li–Jiang's parents

to continue their religious activities in China undermined her claim that she would be persecuted there as a practicing Catholic. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished); *see also Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir.2005) (stating that fear of persecution is diminished when "family members remain in petitioner's native country without meeting harm").

Moreover, Li–Jiang's argument that the background materials establish a pattern or practice of persecution in China of persons similarly situated to her is unavailing. An applicant may demonstrate a well-founded fear of persecution, even in the absence of evidence that she will be singled out for persecution, if she establishes that in her country there is a pattern or practice of persecution of persons similarly situated to her. *See* 8 C.F.R. 1208.13(b)(2)(iii)(A). Here, the record supports the agency's determination that Li–Jiang failed to demonstrate such a pattern or practice.[1] As the BIA noted, the 2005 International Religious Freedom Report reflects ongoing harassment of Catholic priests and lay leaders, particularly in Hebei province. However, as the BIA correctly observed, Li–Jiang is from Fujian Province and has never served as a lay leader of her church. While Li–Jiang asserts in her brief to this Court that the BIA failed to consider her evidence regarding the treatment of Catholics in Fuji-

an Province in 2000, the BIA was not required to specifically address those documents, which were approximately six years old. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336, n. 17 (2d Cir. 2006) (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented). Furthermore, Li–Jiang's assertions that it was inappropriate for the BIA to emphasize Hebei Province is unavailing where she had described evidence concerning that province in her brief to the BIA.

To the extent that Li–Jiang argues that the BIA erred by failing to address the documents that she submitted on appeal (other than the State Department report), that argument fails. She does not contend that she made a motion to remand for consideration of those materials. Nor does Li–Jiang cite to any authority for the proposition that the BIA is required to consider new evidence in the absence of a motion to reopen. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 344 (2d Cir.2006) (holding that a petitioner's argument that the BIA abused its discretion in failing to consider new documents was without merit when the petitioner simply attached the documents to her appeal).

Under these circumstances, the BIA reasonably determined that the evidence concerning the harassment or repression of Catholics in certain areas of China was

---

1. We have previously expressed our concern that the BIA has not provided sufficient guidance for how to evaluate a pattern and practice claim. *See Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir.2007). However, this case is distinguishable from *Mufied*, where the Court remanded to the agency for consideration of a pattern or practice of persecution claim because "[n]either the IJ nor the BIA·appear[ed] to have considered [the petitioner's] claim

that there is a pattern of persecution of Christians in Indonesia." *Id.* at 91. Here, in contrast, both the IJ and the BIA clearly addressed Li–Jiang's pattern and practice claim in the first instance. Thus, while we continue to await more thorough guidance from the agency regarding pattern and practice claims generally, we are satisfied that the BIA considered and properly rejected Li–Jiang's claim.

"too attenuated" to establish that Li–Jiang's fear of persecution was more than "speculative." *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006). Because Li–Jiang was unable to show the objective likelihood of persecution needed to make out an asylum claim on the basis of her religion claim, she was necessarily unable to meet the higher standard required to succeed on her claims for withholding of removal and CAT relief because these claims were based upon the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

